```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
         vs.                  )    Criminal No. 89-152
                              )    See Civil Action No. 10-544
RAYMOND WASHINGTON,           )
                              )
         Defendant/petitioner. )
```

O R D E R

AND NOW, this 22nd day of July, 2010, upon consideration of Petitioner's pro se "Civil Matter" (document No. 273), filed in the above captioned matter on April 28, 2010, which this Court hereby treats as a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence,

IT IS HEREBY ORDERED that said Motion is DISMISSED.

AND FURTHER, upon consideration of Petitioner's pro se Motion to Proceed In Forma Pauperis (document No. 274), filed in the above captioned matter on April 28, 2010,

IT IS HEREBY ORDERED that said Motion is DENIED, there being no filing fee associated with Petitioner's present filings with the Court.

AND FURTHER, upon consideration of Petitioner's pro se Motions for Appointment of Counsel (document Nos. 275 and 276), filed in the above captioned matter on April 28, 2010, and June 1, 2010,

1

IT IS HEREBY ORDERED that said Motions are DENIED as moot, the Court having dismissed Petitioner's motion seeking relief.

I.   **Background**

On March 20, 1990, Petitioner, Raymond E. Washington, was convicted at trial of one count of conspiracy to distribute and possess with intent to distribute less than 500 grams of cocaine, in violation of Title 21, United States Code, Section 846 (Count One), two counts of possession with intent to distribute and distribution of less than 500 grams of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Counts Two and Three), and one count of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Five). On June 1, 1990, this Court sentenced Petitioner to 210 months' imprisonment at each of Counts One, Two, and Three, and 120 months' imprisonment at Count Five, all to be served concurrently, to be followed by a term of supervised release of 5 years at Counts One, Two, and Three, and 3 years at Count Five, to be served concurrently. In a judgment dated September 17, 1991, the Third Circuit Court of Appeals reversed Petitioner's conviction at Count Five and vacated his sentence as to that count. The Circuit Court did, however, affirm Petitioner's other convictions and sentences. Petitioner's petition for certiorari was denied on February 24, 1992.

Petitioner's term of imprisonment ended, and he was released to supervision on February 1, 2005. In a Petition on Supervised Release signed on March 17, 2006, his probation officer alleged that Petitioner had violated the terms of his supervised release by committing several drug-trafficking crimes and requested that the Court issue a bench warrant for Petitioner's arrest.

A hearing on this petition was held before this Court on December 11, 2006. Petitioner admitted that he had violated his supervised release, that supervised release must be revoked, and that there was a factual basis for each of these violations. Accordingly, the Court found that Petitioner had violated the terms of his release as alleged, revoked the supervised release, and sentenced Petitioner to a term of imprisonment of 41 months, consisting of a term of imprisonment of 24 months at each of Counts One and Two, to be served concurrently, and a term of imprisonment of 17 months at Count Three, to be served consecutively to the terms imposed at Counts One and Two. After unsuccessfully attempting to appeal this sentence,[1] Petitioner filed a motion seeking to vacate his sentence for violation of his supervised release under 28 U.S.C. § 2255. By order dated January 5, 2009, the Court denied said motion.

---

[1] The Third Circuit dismissed Petitioner's appeal as untimely pursuant to a March 17, 2008 order.

Petitioner now files this motion collaterally attacking his original sentence of imprisonment. Although it is unclear what authority Petitioner is invoking to file this motion, calling it merely "Civil Matter," the issues raised therein, including a claim of ineffective assistance of counsel, are issues that would ordinarily be raised under 28 U.S.C. § 2255. Because there is no other basis apparent to the Court for this motion, it will treat the motion as one filed pursuant to Section 2255.

II. **Discussion**

Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). Although a prisoner previously was able to file a Section 2255 motion at any time, Petitioner's Section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"). The AEDPA has imposed stringent requirements for seeking and obtaining collateral relief. Specifically, the AEDPA amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner's motion quite clearly relates to his initial sentence that was imposed on June 1, 1990, and amended by the Third Circuit on September 17, 1991. Judgement was final in this case in 1992. The arguments contained in the present motion in no way invoke subsections (2), (3), or (4). Indeed, the issues raised in his motion could have been raised at any time after sentencing.[2] The present motion is, therefore, extremely untimely,

---

[2] Indeed, as discussed below, Petitioner raised substantially similar arguments in prior collateral motions in this case.

and, despite the obvious untimeliness of the motion, no explanation is given for filing the motion over a decade and a half too late.[3]

Further, although the one-year limitation period for filing Section 2255 petitions is a statute of limitations, and therefore is subject to equitable tolling, see Holland v. Florida, 2010 WL 2346549 (U.S. June 14, 2010); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), federal courts invoke the doctrine of equitable tolling "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland, 2010 WL 2346549, at *12; Miller, 145 F.3d at 618-19. Mere excusable neglect is not sufficient to toll the statute of limitations. See Miller, 145 F.3d at 619.

As discussed above, the issues raised in Petitioner's motion could have been raised at any time after sentencing. In fact, as discussed below, the Court has addressed similar arguments raised by Petitioner in previous pleadings seeking collateral

---

[3] Moreover, the sentence of imprisonment which Petitioner seeks collaterally to attack ended in 2005. While Petitioner is again incarcerated, the sentence of imprisonment he is currently serving is for violations of his supervised release. It is unclear whether the collateral consequences doctrine would permit the Court to amend Petitioner's completed prior sentence of imprisonment, but because the motion is untimely, and because it is a second or successive petition, the Court need not address this issue.

relief. Petitioner's contentions do not present extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations, much less to toll it for the amount of time at issue here. Accordingly, Petitioner's motion is dismissed as untimely.

In any event, even if Petitioner's motion were timely, the Court would have no jurisdiction, because this is a second or successive motion pursuant to Section 2255. 18 U.S.C. § 2255(h) clearly states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner previously filed a motion pursuant to Section 2255 on June 8, 1992 (document No. 213), which the Court denied on July 2, 1992. Petitioner proceeded to file a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (document No. 218) on August 24, 1995, which the Court denied on September 14, 1995. On February 12, 1996, Petitioner filed another motion pursuant to Section 2255 (document No. 222), which the Court denied on March 14, 1996. In April of 2000, Petitioner filed yet

7

another motion to vacate his sentence (document No. 233), which the Court construed as a motion under Section 2255. The Court, by order dated May 4, 2000, transferred the motion to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Local Appellate Rule 22.5(h) because Petitioner needed certification to file said motion. The Third Circuit denied this petition for certification on August 17, 2000.[4] Several of these motions addressed issues very similar to those raised here.[5]

Petitioner has, therefore, filed numerous motions pursuant to Section 2255 and/or motions collaterally attacking his sentence. He has not obtained the requisite certification from the Third Circuit Court of Appeals to file any successive motions. Indeed, the appellate court denied Petitioner's previous request to do so. As such, this Court lacks jurisdiction to consider Petitioner's present motion.

---

[4] As noted above, Petitioner has also subsequently been sentenced, on December 11, 2006, for violating his supervised release. However, the present motion, on its face, deals only with his original sentence. In any event, the motion would be untimely even as to his sentence for supervised release violations, the appeal of which was dismissed on March 17, 2008, and, because he filed a motion pursuant to Section 2255 regarding that sentence on April 9, 2008 (document No. 253), which the Court denied on January 5, 2009, he would still need Third Circuit approval to file a successive 2255 motion.

[5] Petitioner also raised this issue in a May 10, 2002 letter to the Court, to which the Court responded on July 2, 2002.

## III.  Conclusion

Accordingly, Petitioner's motion is dismissed. Moreover, because Petitioner's motion is untimely, and because, in any event, he has not obtained the requisite certification from the Third Circuit Court of Appeals to file any successive Section 2255 motions, this Court does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

_____
United States District Judge

cc:     Asst. U.S. Atty. Stephen Kaufman

       Raymond Washington
       #GY5058
       165 SCI Lane
       Greensburg, PA 15601-9103